IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **LILLIE R. SMITH, an individual** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No: |
| | ) |
| | ) |
| **UNITED PARCEL SERVICE, INC.** | ) |
| **and fictitious Defendants A through RR,** | ) |
| | ) |
| **Defendant(s).** | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant United Parcel Service, Inc., (hereinafter "Defendant" or "UPS"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby removes this action filed by Plaintiff Lillie Smith ("Smith" or "Plaintiff") in the Circuit Court of Tuscaloosa County to the United States District Court for the Northern District of Alabama, Western Division. In support of this Notice, Defendant UPS state as follows:

### A.   PROCEDURAL BACKGROUND

1.   Any civil case filed in state court may be removed by a defendant to federal court if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a).

2.	This action was commenced by Plaintiff on May 4, 2022, in the Circuit Court of Tuscaloosa County, Alabama, Case No. 63-CV-2022-900383. The documents attached hereto as Exhibit 1 constitute all of the process and pleadings served and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

3.	Defendant UPS was served with process by certified mail on May 13, 2022.

4.	This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Western Division, within the district and division encompassing the place where the state court case was filed as required by 28 U.S.C. § 1441(b).

5.	This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).

6.	Promptly after the filing of this Notice, Defendant's filing a copy of it with the Clerk of the Circuit Court for Tuscaloosa County, Alabama, as required by 28 U.S.C. § 1446(d).

**B.	DIVERSITY OF THE PARTIES**

7.	For purposes of diversity jurisdiction, the citizenship of the parties is determined as of the time the complaint is filed. *Harris v. Garner*, 216 F.3d 970, 983 (11th Cir. 2000) (quoting and citing *Freeport-McMoRan, Inc. v. KN Energy, Inc.*,

498 U.S. 426, 428 (1991); *Wichita R.R. & Light Co. v. Public Utilities Comm'n of Kansas*, 260 U.S. 48, 54 (1922)).

8. An individual, for diversity jurisdiction purposes, is a citizen of a State if he or she is a citizen of the United States and a domiciliary of that State. *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001). Domicile is determined by two factors: residence and intent to remain. *Id.; Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984).

9. On information and belief, Plaintiff is a resident of Alabama. (Ex. 1, Compl. at ¶ 1). Thus, Plaintiff is a citizen of the State of Alabama.

10. A corporation, for diversity jurisdiction purposes, is deemed to be a citizen of both its state of incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). *See also Annon Consulting, Inc. v. Bionitrogen Holdings Corp.*, 2016 U.S. App. LEXIS 9695, at *3 (11th Cir., May 27, 2016). In practice, this should normally be where the corporation maintains its headquarters. *Id.*

11. Defendant UPS is a Delaware corporation with its principal place of business in Fulton County, Georgia. (Ex. 1, Compl. at ¶ 2). Thus, Defendant UPS is a citizen of the States of Delaware and Georgia.

12. Citizenship of the fictitious defendants should be ignored for the purposes of removal. 28 U.S.C. § 1441(a).

13. The served Defendant as of the filing date of this Notice of Removal is not a citizen of the State of Alabama.

14. Accordingly, the parties are completely diverse in that Plaintiff is an Alabama citizen, while Defendant UPS is a citizen of Delaware and Georgia. Thus, there is complete diversity of citizenship between them, thereby satisfying the citizenship requirement of 28 U.S.C. § 1332.

### C. AMOUNT IN CONTROVERSY

15. In order to be removable, there must be at least $75,000 in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

16. Pursuant to 28 U.S.C. § 1332(a)(1), the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The longstanding federal rule for determining the amount in controversy is to examine the plaintiff's complaint. *See, e.g., Lindsay v. American General Life & Accident Ins. Co.*, 133 F. Supp. 2d 1271, 1275 (N.D. Ala. 2001) (citations omitted). Where it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," the defendant meets its burden of establishing that the amount in controversy is adequate, even when 'the complaint does not claim a

specific amount of damages.'" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-63 (11th Cir. 2010).

17. The Eleventh Circuit Court of Appeals has stated if a defendant alleges removability is facially apparent from the complaint, "the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Id.* at 1061. The district court is not bound by the plaintiff's representations and does not have to assume the plaintiff is best able to evaluate the amount of damages sought. *Id.* (*citing Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 771 (11th Cir. 2010)). The Eleventh Circuit Court of Appeals further stated:

> Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount.' Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Id.* at 1061-62 (citations omitted) (emphasis added). The rationale for this rule is in part to prevent plaintiffs from defeating a court's statutory right to hear a case through artful pleading that does not specify the value of the claimed damages. *Id.* at 1064.

18. Recent cases are helpful in determining the amount in controversy where, as here, a plaintiff fails to make a specific damages demand in the complaint. One such case explained the impact of amended 28 U.S.C. § 1446, stating, "[w]hen

Congress enacted this most recent amendment to § 1446, it did not intend to require the court to which the case is removed to do more than to exercise reasonable judgment, based on the allegations in the complaint, and other undisputed facts." *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Al. 2012). In *Smith*, the court went on to state that where the complaint does not contain an *ad damnum* clause, "the court is allowed reasonable deductions and extrapolations." *Id.* at 1335. The *Smith* court further stated "[t]his court is informed and verily believes" Congress amended § 1446 "to slow down, if not to prevent," the remand of diversity cases "where there is no *ab* (sic) *damnum* clause, but where the parties and the court know from their exercise of good sense and experience that the claim exceeds $75,000." *Id.* Perhaps more importantly, the *Smith* court stated the following:

> The court is willing to go so far as to inform plaintiffs like Smith, who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more. Otherwise, a plaintiff will find herself in a federal court, which is now saddled by Congress with a new and heavy burden.

*Id.* (emphasis added). Finally, the *Smith* court noted in a case such as this one, if the defendant had waited for limited discovery in state court to prove the plaintiff's claim exceeded $75,000, the defendant would be facing a motion to remand for untimely removal rather than for lack of subject-matter jurisdiction. *Id.* at 1334-35.

6

19. Also helpful is *Bush v. Winn Dixie Montgomery, LLC*, 2015 U.S. Dist. LEXIS 115272 (N.D. Ala. Aug. 31, 2015). In *Bush*, the court noted that prior to the decision by the Eleventh Circuit Court of Appeals in *Roe v. Michelin North American, Inc.*, 613 F.3d 1058 (2010), a complaint filed without an *ad damnum* clause would have invited a defendant to use discovery admissions to establish the amount in controversy prior to removal, as was done by the *Bush* defendant. *Bush v. Winn Dixie Montgomery, LLC*, 2015 U.S. Dist. LEXIS 115272, *2 (N.D. Ala. Aug. 31, 2015). The court further explained the Eleventh Circuit Court of Appeals "took corrective steps," because federal judges in Alabama "were routinely remanding diversity cases for lack of a clear appearance of the jurisdictional amount in the state court complaint." *Bush*, 2015 U.S. Dist. LEXIS 115272, at *2-3. The *Bush* court noted the Eleventh Circuit, which binds federal courts in Alabama:

> finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000.

*Bush*, 2015 U.S. Dist. LEXIS 115272, at *3 (emphasis added).

20. Thus, according to this recent decision in *Bush*, in the Northern District of Alabama, Plaintiff's Complaint, which asserts claims of negligence and wantonness and alleges physical and economic damages, on its face establishes the requisite amount in controversy. *See Bush v. Winn Dixie Montgomery, LLC*, 132

7

F.Supp.3d 1317, 1318-1322 (N.D. Ala., 2015) (granting plaintiff's motion to remand, holding that the defendant failed to timely remove within thirty (30) days of receipt of summons and complaint where complaint contained a wantonness claim and alleged significant personal injuries, though it did not contain a quantified amount of damages being sought); *See also Green v. Wal-Mart Stores East, L.P.*, 2014 U.S. Dist. LEXIS 166805, *2 (N.D. Ala. Dec. 2, 2014) ("In her complaint, [plaintiff] alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages. … Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999. Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000.")

21.  As a final example, Defendants point this court to *Seckel v. Travelers Home & Marine Ins. Co.*, 2013 U.S. Dist. LEXIS 11582 (N.D. Ala. Jan. 29, 2013). In *Seckel*, the court found that, although the plaintiff only claimed $26,430 in damages in his state court complaint, the unspecified damages the plaintiff sought for alleged emotional distress and unjust enrichment allowed the defendant to meet the amount in controversy requirement. *Seckel v. Travelers Home & Marine Ins. Co.*, 2013 U.S. Dist. LEXIS 11582, *5 (N.D. Ala. Jan. 29, 2013). The Court held that, "[w]ithout an affidavit from [the plaintiff] stating that he will not claim any more than $74,999.99 from Travelers in damages, this court has jurisdiction over the

case and DENIES [the plaintiff's] motion to remand." *Seckel*, 2013 U.S. Dist. LEXIS 11582, at *5.

22. In the present case, Defendant UPS denies liability to Plaintiff in any amount. However, it does not dispute that the amount in controversy exceeds $75,000.00.

23. This action arises out of an alleged incident on July 14, 2021, in which a UPS employee allegedly struck Plaintiff with a hand cart, causing her to suffer injuries. (Ex. 1, Compl. ¶ 14). The incident allegedly took place at the Alabama Alcoholic Beverage Control Store #238 on Lurleen Wallace Boulevard in Tuscaloosa County, Alabama. (Ex. 1, Compl. ¶ 12). Plaintiff alleges Defendant's employee "…negligently/wantonly/recklessly maneuvered a loaded hand cart causing the handcart to strike the Plaintiff." (Ex. 1, Compl. ¶ 18). Plaintiff alleges she has suffered substantial injuries from the accident. (Ex. 1, Compl. ¶ 21). Her alleged injuries include "physical injuries, pain and suffering, lost wages/income, emotional distress, lost wages, mental anguish, loss of the enjoyment of life, medical expenses, future medical expenses, miscellaneous expenses, inconvenience costs, property damage, and all other allowable relief under Alabama Law."

24. Plaintiff sets forth the following claims in her Complaint: Count One – Negligence/ Wantonness/ Recklessness; Count Two – Negligent and/or Wanton Supervision; Count Four(sic) – Negligent/ Wanton Hiring, Training, and Retention;

(See Ex. 1, Compl.) Plaintiff does not demand a specific amount of damages in her Complaint. She also fails to disclaim the right to, or acceptance of, damages exceeding $74,999.99.

25. Plaintiff claims the alleged accident caused her to be injured, harmed and damaged as follows:

    (a)    she was caused to suffer physical injuries;
    (b)    she was caused pain and suffering;
    (c)    she was caused lost wages/income;
    (d)    she was caused mental anguish;
    (e)    she was caused lost wages;
    (f)    she was caused a loss of enjoyment of life;
    (g)    she was caused medical expenses;
    (h)    she was caused future medical expenses;
    (i)    she was caused miscellaneous expenses;
    (j)    she was caused inconvenience costs;
    (k)    she was caused property damage; and
    (l)    all other relief allowable under Alabama Law.

(See Ex. 1, Compl. ¶ 21). Also, Plaintiff's inclusion of wantonness claims implies Plaintiff is seeking an award of punitive damages in addition to her claims for general and compensatory damages. (See Ex. 1, Compl.)

26. As with the cases discussed above, here, Plaintiff claims she sustained substantial and permanent personal injuries as a result of Defendant's alleged negligent and wanton behavior. Consequently, Plaintiff is hoping to recover more than $75,000 individually, and thus, the amount in controversy requirement is satisfied in this case.

27. Based on the above-cited authorities, it is facially apparent from Plaintiff's Complaint that the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010).

28. Without waiver of any defenses or objections including, but not limited to, improper process, improper service of process, improper venue, statute of limitations, and lack of personal jurisdiction, Defendant submits this Notice of Removal.

29. Pursuant to 28 U.S.C. § 1446(d), Defendant has filed notice of the original removal petition with the Clerk of the Circuit Court of Jefferson County, Alabama. Further, Defendants represent to this Court that a copy of this Notice of Removal is also being served upon counsel for Plaintiff.

    Respectfully submitted,

    /s/ *Brett A. Ross*
    Brett A. Ross (asb-6771-o76b)
    Mark M. Ogren (asb-2080-s12s)
    *Attorneys for Defendant UPS*

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
E-mail: bross@carrallison.com
        mogren@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June, 2022, I have served a copy of the above and foregoing on counsel for all parties via the CM/ECF system which will send notifications of such to the following:

Clint Mountain
MOUNTAIN & MOUNTAIN
2618 7th Street
Tuscaloosa, AL 35401
cdmountain@gmail.com
*Attorney for Plaintiff*

      /s/ *Brett A. Ross*
      OF COUNSEL